PENNSYLVANIA STEEL CO. v. NEW YORK CITY RY. CO.

(Circuit Court, S. D. New York. February 19, 1910.)

STREET.RAILROADS (§ 58*)—CLAIMS AGAINST RECEIVERS—REFERENCE.

Order referring claim against receivers for lessee street railroad company, for use and occupation of leased line after the payment of rental ceased, amended.

[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 58.*]

In Equity. Suit by the Pennsylvania Steel Company against the New York City Railway Company. Motion by Central Park, North & East River Railroad Company to amend order of November 30, 1908, referring certain questions to the special master, on the ground that the order does not fully express the decision of the court pursuant to which it was entered.

Byrne & Cutcheon, for Pennsylvania Steel Co.
J. L. Quackenbush, for New York City Ry. Co.
Dexter Osborn & Fleming, for receiver of New York City Ry. Co.
Dykman, Oeland & Kuhn, for Central Park, N. & E. R. R. Co.
Masten & Nichols, for receivers of Metropolitan St. Ry. Co.

LACOMBE, Circuit Judge.   The decision was rendered October 19, 1908.  165 Fed. 472.   After stating that receivers should account for whatever receipts came to their hands from the operation of the lessor's road during the period for which no rent has been paid, deducting what is properly chargeable against the same, it was referred to the master to take testimony and report thereon, and also as to petitioner's claim to be paid rent, providing that application to be paid a sum equivalent to rent might be renewed before the master. It was the intention to leave the question what amount should be paid by receivers to Central Park North & East River Railroad Company practically open before the master to be passed upon by him and reviewed by the court.   Apparently the order does not specifically refer to the special master the question of rent, and this motion is granted so far as it asks for the insertion of a new clause marked "fourth." The motion to amend by restricting the special master's inquiry as to receipts and deductions to the period from January 1, 1908, to August 5, 1908, is denied.   It was the intention of the court to have the special master investigate and report for the period from date of receivership as a basis on which to determine what amount should now be paid, whether rent or quantum valebat.